J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven*
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
*Staff Attorney at Righthaven*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>KATHRYN B. LORD, an individual,<br><br>Defendant. | Case No.: 2:10-cv-01524<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Kathryn B. Lord ("Ms. Lord"), on information and belief:

### NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

1

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Ms. Lord is, and has been at all times relevant to this lawsuit, identified by the current registrar, GoDaddy.com, Inc. ("GoDaddy"), as the registrant, administrative contact and technical contact of the Internet domain found at <find-a-sweetheart.com> (the "Domain"; the content accessible through the Domain and the Domain itself known herein as the "Website").

## JURISDICTION

5. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

6. Righthaven is the owner of the copyright in and to the literary work entitled: "Radical commitment means closing all escape hatches" (the "Work"), attached hereto as Exhibit 1.

7. At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

8. Ms. Lord willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.

9. On or about June 17, 2010, Ms. Lord displayed, and continues to display an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 2, on the Website.

10. At all times relevant to this lawsuit, Ms. Lord knew that the Work was originally published in the Las Vegas *Review-Journal*.

11. At all times relevant to this lawsuit, Ms. Lord knew that the Infringement was and is of specific interest to Nevada residents.

12. Ms. Lord's display of the Infringement was and is purposefully directed at Nevada residents.

## VENUE

13. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

14. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1400(a), because Ms. Lord is subject to personal jurisdiction in Nevada.

## FACTS

15. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

16. Righthaven is the owner of the copyright in and to the Work.

17. The Work was originally published on June 16, 2010.

18. On September 2, 2010, the United State Copyright Office (the "USCO") received Righthaven's official submittal for the registration of the Jobs Work including the application, the deposit copy, and the registration fee, Service Request No. 1-481200322, attached hereto as Exhibit 3.

19. On or about June 17, 2010, Ms. Lord displayed, and continues to display, the Infringement on the Website.

20. The Infringement replaced the Work's original title: "Radical commitment means closing all escape hatches," with a new title: "How committed are you, really?".

21. Ms. Lord did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

22. Ms. Lord was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

**CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT**

23. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 22 above.

24. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

25. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

26. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

27. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

28. Ms. Lord reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

29. Ms. Lord created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

30. Ms. Lord distributed, and continues to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

31. Ms. Lord publicly displayed, and continues to publically display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

32. Ms. Lord has willfully engaged in the copyright infringement of the Work.

33. Ms. Lord's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

34. Unless Ms. Lord is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus

entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

**PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain Ms. Lord, and Ms. Lord's agents, servants, employees, attorneys, related companies, partners, and all persons acting for, by, with, through, or under Ms. Lord, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct Ms. Lord to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a. All evidence and documentation relating in any way to Ms. Lord's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

    b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding Ms. Lord's use of the Work; and

    c. All financial evidence and documentation relating to Ms. Lord's use of the Work;

3. Direct the current domain name registrar, GoDaddy, and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this eighth day of September, 2010.

                    RIGHTHAVEN LLC

                    By: /s/ J. Charles Coons
                    J. CHARLES COONS, ESQ.
                    Nevada Bar No. 10553
                    JOSEPH C. CHU, ESQ.
                    Nevada Bar No. 11082
                    9960 West Cheyenne Avenue, Suite 210
                    Las Vegas, Nevada 89129-7701
                    Attorneys for Plaintiff